MASO MACHINE & TOOL CORP., Appellant, v. REGINA SABATINO, Respondent.—

The complaint alleges that defendant's husband, while employed by plaintiff, forged more than two hundred checks of plaintiff and deposited the checks in his accounts for collection in two banks; that defendant's husband, during his employment by plaintiff, purchased from Cassie Homes Inc., with the moneys embezzled, the premises upon which it seeks to impress a trust, and took title in his name and that of his wife, the defendant herein; and that shortly thereafter he conveyed his one-half interest in the property to the defendant without consideration and for the purpose of hindering and defrauding plaintiff. Plaintiff obtained an order directing defendant and her husband to submit to an examination before trial. Both appeared but refused to testify on the grounds that the answers might tend to incriminate them and would disclose privileged communications between husband and wife (defendant's husband being under indictment in Queens County for various counts of forgery). Plaintiff thereupon moved: (1) to examine the two banks with respect to the husband's monthly statements of his accounts and with respect to the deposit slips showing in detail the checks comprising the deposits; and (2) to examine the seller of the property with respect to the closing statement, which would reveal the payments and the names of the banks on

which the checks were drawn. The information sought from these witnesses (the banks and the seller), which plaintiff requires to establish its prima facie case, is exclusively within their knowledge. There is no indication that they will be hostile, unwilling or reluctant — the reasons which generally constitute "special circumstances" under section 288 of the Civil Practice Act (*Bartlett* v. *Sanford*, 244 App. Div. 722; *Reif* v. *Gebel*, 246 App. Div. 776; *Sweet* v. *Sweet*, 266 App. Div. 1010). However, these witnesses are the only ones who can testify on the subject. It is our opinion that their exclusive knowledge (*Bartlett* v. *Sanford*, *supra*), as well as the interests of justice, warrants this examination. The witnesses, however, in lieu of such examination, within 30 days after entry of the order hereon, may furnish plaintiff with photostatic copies of their papers and records disclosing the facts with respect to which the examination is sought. But unless such photostatic copies are furnished within said 30-day period, the examination of the witnesses shall proceed on a date or dates and at a place to be specified in a notice to be served by plaintiff after the expiration of the 30-day period. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.